UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-13898-GAO

DINING ALLIANCE, INC. and CONSOLIDATED CONCEPTS, INC.,
Plaintiffs,

v.

NATIONAL PRODUCE CONSULTANTS, LLC, ANTHONY J. FORSYTHE and WILLIAM J. HERMANN, JR.,
Defendants.

ORDER
November 20, 2014

O'TOOLE, D.J.

Plaintiffs Dining Alliance, Inc. ("DA") and Consolidated Concepts, Inc. ("CC") bring this action against National Produce Consultants, Inc. ("NPC") alleging breach of a strategic marketing agreement. The plaintiffs claim that NPC violated the agreement's non-solicitation clause, along with other provisions of the contract, and have moved for a temporary restraining order and preliminary injunction to prevent continued breaches of the agreement. NPC has since filed a motion to transfer the action to the Eastern District of Texas.

I.  **Background**

The complaint alleges the following: DA and CC entered into the Strategic Marketing Agreement with NPC in March 2012. DA and CC are group purchasing organizations that service restaurants. NPC develops software that manages the delivery of produce to restaurants, health care organizations, and contract feeding organizations. The agreement provided that DA and CC would market the NPC produce program to their customers, and NPC would provide direct support to end users. The parties' relationship soon deteriorated. The plaintiffs allege that

NPC directly solicited their prospects and customers and set prices at levels prohibited by the agreement.

The parties attempted unsuccessfully to resolve their dispute short of litigation, and on August 5, 2014, NPC filed a complaint against DA and CC in the United States District Court for the Eastern District of Texas, alleging breach of contract and other claims. Rather than formally serving the complaint, NPC notified DA and CC of the commencement of the action and sent them a "courtesy copy" of the complaint, but assured them that it intended to continue settlement negotiations and would not actively pursue the suit during negotiations. Settlement discussions ended in September 2014. The plaintiffs filed the present complaint on October 20, 2014. The Texas complaint was formally served on DA and CC the next day.

## II.  Discussion

NPC seeks to transfer this action to the Eastern District of Texas under the so-called "first filed" rule:  "Where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision." Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987).

DA and CC make two arguments in opposition to NPC's motion to transfer. First, they argue that the two actions are not identical, because each side makes claims against the other that raise different or distinct issues. However, the requirement for "identical actions" is not to be read so literally. Rather, the inquiry is whether the cases are "substantially similar." Dunkin' Donuts Franchised Rests. LLC v. Wometco Donas Inc., No. 14-10162-NMG, 2014 WL 4542956, at *10 (D. Mass. Sept. 11, 2014).

It is apparent that the parties' respective claims and defenses in these two actions arise from the same business relationship. In either case any counterclaims asserted would likely be compulsory counterclaims under Rule 13(a) of the Federal Rules of Civil Procedure. The fact that individual representatives of NPC are named as defendants in the Massachusetts action but not as plaintiffs in the Texas action is of no consequence for the present issue.

Next the plaintiffs argue that special circumstances warrant departing from the first-filed rule.[1] Specifically, they assert that NPC engaged in misleading conduct during settlement negotiations in order to gain a procedural advantage. To be sure, courts have sometimes declined to apply the first-filed rule where doing so might undercut the public policy in favor of promoting settlement. See, e.g., TransCanada Power Marketing, Ltd. v. Narragansett Elec. Co., 402 F. Supp. 2d 343, 348 (D. Mass. 2005); Nortek, Inc. v. Molnar, 36 F. Supp. 2d 63, 70 (D.R.I. 1999); Davox Corp. v. Digital Sys. Int'l, Inc., 846 F. Supp. 144, 148 (D. Mass. 1993). But the plaintiffs have not convincingly shown deception or stalling on the part of NPC so as "to buy time in order to secure a more favorable forum." TransCanada Power Marketing, Ltd., 402 F. Supp. 2d at 348-49. To the contrary, emails and affidavits submitted by the plaintiffs suggest that NPC engaged in a period of two to three months of negotiations beginning in late May 2014. As to any developments that took place after NPC filed suit, there was no apparent need to "buy time" in order to be the first to commence an action. NPC had not only already done that, but had also told DA and CC that it had. NPC's conduct is a far cry from the behavior in Davox Corp., where a corporation responded to a letter inviting discussion of potential disagreements by preemptively filing a lawsuit. 846 F. Supp. at 148.

---

[1] Another exception to the first-filed rule is "where the balance of convenience substantially favors the second-filed action." TransCanada Power Marketing, Ltd., 402 F. Supp. 2d at 347. The plaintiffs do not make this argument, and it is unclear to the Court which district would provide a more convenient venue. Accordingly, I do not address this issue.

Transfer is reasonable here, and for that reason the Court will not address the plaintiffs' motion for a temporary restraining order and preliminary injunction. That motion involves complex issues that are more appropriately presented to the transferee court.

### III. Conclusion

For the foregoing reasons, the defendant's Motion (dkt. no. 7) to Transfer is GRANTED. The actions shall be transferred to the Eastern District of Texas, Sherman Division.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge